## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

|  |  |  |
|---|---|---|
| **SIRIUS COMPUTER SOLUTIONS, INC.** | § § § | |
| PLAINTIFF, | § § | CIVIL ACTION NO. **5:18-cv-1201** |
| v. | § § | |
| **ROELOF NYDAM.** | § § § § | |
| DEFENDANT. | § § § | |

### DEFENDANT'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

Defendant Roelof Nydam ("Nydam") files this original answer to Plaintiff Sirius Computer Solution, Inc.'s ("Plaintiff" or "Sirius") Original Complaint (the "Complaint"). Additionally, Nydam asserts its affirmative defenses pursuant to Federal Rule of Civil Procedure 8.

## I.
### ANSWER

Nydam responds to the allegations in Sirius' Complaint as follows:

1.      The allegations in Paragraph 1 of the Complaint consist of legal conclusions to which no response is required. To the extent Paragraph 1 of the Complaint contains factual allegations, Nydam denies every allegation.

2.      Nydam denies knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 2 of the Complaint.

3.      Nydam admits that he is an individual residing in Atlanta, Georgia. The balance of the allegations in Paragraph 3 of the Complaint consist of legal conclusions to which no response is required. To the extent the balance of Paragraph 3 of the Complaint contains factual allegations, Nydam denies every allegation.

4.      Nydam denies the allegations contained in Paragraph 4 of the Complaint.

5.      Nydam denies the allegations contained in Paragraph 5 of the Complaint.

6.      Nydam denies the allegations contained in Paragraph 6 of the Complaint.

7.      Nydam denies knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 7 of the Complaint.

8.      Nydam admits that he was an employee of Forsythe Technology, Inc. ("Forsythe") in or around 2008.   Nydam also admits that as an employee of Forsythe, he entered into a Confidentiality and Proprietary Rights Agreement: Sales (the "Forsythe Agreement") in July 2008. To the extent Paragraph 8 of the Complaint refers to and purports to describe the Forsythe Agreement, Nydam denies the Plaintiff's characterization of the document and refers to the Forsythe Agreement for its language and terms.

9.      Nydam denies knowledge or information sufficient to form a belief concerning the truth of the allegation that Sirius acquired Forsythe in a stock purchase transaction as alleged in Paragraph 9 of the Complaint.  The allegation that the Forsythe Agreement remained in place and enforceable by Sirus in Paragraph 9 of the Complaint consists of a legal conclusion to which no response is required.  To the extent the allegations that the Forsythe Agreement remained in place and enforceable by Sirus are factual allegations, Nydam denies these allegations.

10.     To the extent Paragraph 10 of the Complaint refers to and purports to describe the Forsythe Agreement, Nydam denies the Plaintiff's characterization of the document and all other allegations in Paragraph 10 of the Complaint and refers to the Forsythe Agreement for its language and terms.

11.     Nydam admits that on November 1, 2017 he signed a Letter Agreement with Sirius (the "Letter Agreement"), pursuant to which he obtained an incentive award.  Nydam denies the

allegations contained in Paragraph 11 of the Complaint that he agreed to the restrictive covenants under Sirius' Performance Unit Appreciation Plan (the "Performance Plan") and Service Appreciation Plan (the "Service Plan," collectively the "Plans"), and avers that any restrictive covenants contained in the Plans are not enforceable.

12.     To the extent Paragraph 12 of the Complaint refers to and purports to describe the Letter Agreement and the Plans, Nydam denies the Plaintiff's characterization of the documents and all other allegations in Paragraph 12 of the Complaint and refers to the Letter Agreement and the Plans for their language and terms.

13.     To the extent Paragraph 13 of the Complaint refers to and purports to describe the Service Plan, Nydam denies the Plaintiff's characterization of the document and all other allegations in Paragraph 13 of the Complaint, refers to the Service Plan for its language and terms and further avers that the restrictive covenants in the Service Plan are not enforceable.

14.     To the extent Paragraph 14 of the Complaint refers to and purports to describe the Forsythe Agreement and the Service Plan, Nydam denies the Plaintiff's characterization of the documents and all other allegations in Paragraph 14 of the Complaint and refers to the Forsythe Agreement and the Service Plan for their language and terms.

15.     Nydam denies knowledge or information sufficient to form a belief concerning the truth of the allegations that Sirius' business activities are technology sales focused and Sirius' business is highly competitive contained in Paragraph 15 of the Complaint.  Nydam admits that he had access to Sirius documents during his employment by Sirius.  To the extent Paragraph 15 of the Complaint refers to and purports to describe the Sirius documents Nydam had access to, Nydam denies the Plaintiff's characterization of the documents and all other allegations in Paragraph 15 of the Complaint and refers to the Sirius documents for their language and terms.

16.     Nydam admits that he was a Senior Client Executive for Sirius.   To the extent Paragraph 16 of the Complaint refers to and purports to describe Nydam's role and responsibilities as a Senior Client Executive for Sirius, Nydam denies the Plaintiff's characterization and all other allegations in Paragraph 16 of the Complaint.

17.     Nydam denies knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 17 of the Complaint.

18.     Nydam admits that in 2017, Jeff Rabin was Nydam's sales manager when Nydam worked for Forsythe and continued as his supervisor in October 2017.

19.     Nydam admits that on January 1, 2018, Jimmy Fordham and David Darden became Nydam's sales managers, taking over from Jeff Rabin.

20.     Nydam denies knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 20 of the Complaint.

21.     To the extent Paragraph 21 of the Complaint refers to and purports to describe the Sirius Employee Handbook, Nydam denies the Plaintiff's characterization of the document and all other allegations in Paragraph 21 of the Complaint and refers to the Sirius Employee Handbook for its language and terms.

22.     To the extent Paragraph 22 of the Complaint refers to and purports to describe the Sirius Employee Handbook, Nydam denies the Plaintiff's characterization of the document and all other allegations in Paragraph 22 of the Complaint and refers to the Sirius Employee Handbook for its language and terms.

23.     To the extent Paragraph 23 of the Complaint refers to and purports to describe the Sirius Employee Handbook, Nydam denies the Plaintiff's characterization of the document and all

other allegations in Paragraph 23 of the Complaint and refers to the Sirius Employee Handbook for its language and terms.

24.     Nydam denies knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 24 of the Complaint.

25.     Nydam denies the allegations contained in Paragraph 25 of the Complaint.

26.     Nydam admits that he accepted an offer of employment from Presidio.  To the extent Paragraph 26 of the Complaint refers to and purports to describe Presidio's compensation plan and offer letter to Nydam, Nydam denies the Plaintiff's characterization of the documents and all other allegations in Paragraph 26 of the Complaint and refers to Presidio's compensation plan and offer letter to Nydam for their language and terms.

27.     Nydam admits that he resigned from Sirius. To the extent Paragraph 27 of the Complaint refers to and purports to describe Nydam's resignation email, Nydam denies the Plaintiff's characterization of the document and all other allegations in Paragraph 27 of the Complaint and refers to Nydam's resignation email for its language and terms.

28.     Nydam denies the allegations contained in Paragraph 28 of the Complaint.

29.     Nydam denies the allegations contained in Paragraph 29 of the Complaint.

30.     Nydam admits that his employment with Sirius ended on June 5, 2018.  Nydam denies all other allegations contained in Paragraph 30 of the Complaint.

31.     Nydam denies knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 31 of the Complaint.

32.     Nydam denies knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 32 of the Complaint.

33.     Nydam admits that he was sent a letter from Sirius' in-house counsel, dated June 11, 2018 (the "June 11 Letter").  To the extent Paragraph 33 of the Complaint refers to and purports to describe the June 11 Letter, Nydam denies the Plaintiff's characterization of the document and all other allegations in Paragraph 33 of the Complaint and refers to the June 11 Letter for its language and terms.

34.     Nydam admits that Sirius sent a letter to Presido, dated June 13, 2018 (the "June 13 Letter"), and Presidio responded to Sirius by a letter dated July 11, 2018 (the "July 11 Letter").  To the extent Paragraph 34 of the Complaint refers to and purports to describe the June 13 Letter and the July 11 Letter, Nydam denies the Plaintiff's characterization of the documents and all other allegations in Paragraph 34 of the Complaint and refers to the June 13 Letter and the July 11 Letter for their language and terms.

35.     Nydam denies knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 35 of the Complaint.

36.     Nydam denies knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 36 of the Complaint.

37.     Nydam denies knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 37 of the Complaint.

38.     Nydam denies knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 38 of the Complaint.

39.     Nydam admits that he had access to Sirius documents and information during his employment with Sirius.  To the extent Paragraph 39 of the Complaint refers to and purports to describe the Sirius documents and information Nydam had access to, Nydam denies the Plaintiff's

characterization of the documents and information and all other allegations in Paragraph 39 of the Complaint and refers to the Sirius documents for their language and terms.

40.     Nydam denies knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 40 of the Complaint.

41.     The allegations in Paragraph 41 of the Complaint consist of legal conclusions to which no response is required.  To the extent Paragraph 41 of the Complaint contains factual allegations, Nydam denies every allegation.

42.     Nydam denies the allegations contained in Paragraph 42 of the Complaint.

43.     Nydam incorporates by reference each response to the allegations in Paragraphs 1 through 42 of the Complaint.

44.     The allegations in Paragraph 44 of the Complaint consist of legal conclusions to which no response is required.  To the extent Paragraph 44 of the Complaint contains factual allegations, Nydam denies every allegation.

45.     Nydam denies knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 45 of the Complaint.

46.     Nydam denies the allegations contained in Paragraph 46 of the Complaint.

47.     Nydam denies the allegations contained in Paragraph 47 of the Complaint.

48.     Nydam denies the allegations contained in Paragraph 48 of the Complaint.

49.     Nydam denies the allegations contained in Paragraph 49 of the Complaint.

50.     Nydam denies the allegations contained in Paragraph 50 of the Complaint.

51.     Nydam incorporates by reference each response to the allegations in Paragraphs 1 through 50 of the Complaint.

52.     The allegations in Paragraph 52 of the Complaint consist of legal conclusions to which no response is required.  To the extent Paragraph 52 of the Complaint contains factual allegations, Nydam denies every allegation.

53.     Nydam denies the allegations contained in Paragraph 53 of the Complaint.

54.     Nydam denies the allegations contained in Paragraph 54 of the Complaint.

55.     Nydam incorporates by reference each response to the allegations in Paragraphs 1 through 54 of the Complaint.

56.     The allegations in Paragraph 56 of the Complaint consist of legal conclusions to which no response is required.  To the extent Paragraph 56 of the Complaint contains factual allegations, Nydam denies every allegation.

57.     The allegations in Paragraph 57 of the Complaint consist of legal conclusions to which no response is required.  To the extent Paragraph 57 of the Complaint contains factual allegations, Nydam denies every allegation.

58.     Nydam denies the allegations contained in Paragraph 58 of the Complaint.

59.     Nydam denies the allegations contained in Paragraph 59 of the Complaint.

60.     Nydam denies the allegations contained in Paragraph 60 of the Complaint.

61.     Nydam denies the allegations contained in Paragraph 61 of the Complaint.

62.     Nydam denies the allegations contained in Paragraph 62 of the Complaint.

63.     Nydam denies the allegations contained in Paragraph 63 of the Complaint.

64.     Nydam incorporates by reference each response to the allegations in Paragraphs 1 through 63 of the Complaint.

65.     Nydam denies the allegations contained in Paragraph 65 of the Complaint.

66.     The allegations in Paragraph 66 of the Complaint consist of legal conclusions to which no response is required.  To the extent Paragraph 66 of the Complaint contains factual allegations, Nydam denies every allegation.

67.     Nydam incorporates by reference each response to the allegations in Paragraphs 1 through 66 of the Complaint.

68.     The allegations in Paragraph 68 of the Complaint consist of legal conclusions to which no response is required.  To the extent Paragraph 68 of the Complaint contains factual allegations, Nydam denies every allegation.

69.     The allegations in Paragraph 69 of the Complaint consist of legal conclusions to which no response is required.  To the extent Paragraph 69 of the Complaint contains factual allegations, Nydam denies every allegation.

70.     Nydam also demands a trial by jury.

71.     The allegations in Paragraph 71 of the Complaint consist of legal conclusions to which no response is required.  To the extent Paragraph 71 of the Complaint contains factual allegations, Nydam denies every allegation.

## II.
### AFFIRMATIVE DEFENSES

1.     The Complaint fails to state a claim upon which relief may be granted.

2.     Plaintiff's claims are barred, in whole or in part, by estoppel.

3.     Plaintiff's claims are barred, in whole or in part, by waiver.

4.     Plaintiff's claims are barred, in whole or in part, by unclean hands.

5.     Plaintiff's claims are barred, in whole or in part, by laches.

6.     Plaintiff's claims are barred, in whole or in part, by fraud.

7.     Plaintiff's claims are barred, in whole or in part, by failure of consideration.

8.    Plaintiff's claims are barred, in whole or in part, by failure of condition precedent.

9.    Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate damages.

10.    Plaintiff's claims are barred, in whole or in part, by their own prior material breaches.

11.    Defendant's performance was excused and Plaintiff's claims are barred, in whole or in part, by the affirmative defense of justification.

12.    Plaintiff's claims are barred, because the restrictive covenants in the Forsythe Agreement, the Letter Agreement and/or the Plans are unenforceable.

13.    Venue in this action is improper in light of Nydam's Georgia residence.

14.    Defendant reserves the right to rely upon such other defenses and affirmative defenses as may arise during further proceedings in this case.

## III.
## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Defendant Nydam requests that it have judgment against Plaintiff for the following:

1.  Denying all claims for relief, including injunctive relief and damages, requested in Plaintiff's Original Complaint;

2.  An award of Defendant's attorney' fees and expenses;

3.  Costs of court; and

4.  Such other and further relief to which Defendant may be entitled.

Dated:  September 19, 2019   Respectfully Submitted,

       /s/ Stephen E. Fox
       Stephen E. Fox
       Texas Bar No. 07337260
       sfox@sheppardmullin.com
       Dwight M. Francis
       Texas Bar No. 00785877
       dfrancis@sheppardmullin.com
       SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
       2200 Ross Avenue, 24th Floor
       Dallas, Texas 75201
       Telephone:  (469) 391-7400
       Facsimile:  (469) 391-7401

       Robert S. Friedman (Admission Pending)
       rfriedman@sheppardmullin.com
       SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
       30 Rockefeller Plaza
       New York, New York 10112-0015
       Tel. (212) 653-8700
       Fax (212) 653-8701

       ***Attorneys for Defendant***

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.  All others will be served via electronic mail.

       */s/ Stephen E. Fox*
       Stephen E. Fox